IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BRANDON, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-5643 |
| v. | : | |
| CARISSA TILLITSON, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 9th day of January, 2019, after considering the application for leave to proceed *in forma pauperis*, complaint, and prisoner trust fund account statement filed by the *pro se* plaintiff, David Brandon ("Brandon") (Doc. Nos. 1, 2, 4); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The application for leave to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED** and Brandon has leave to proceed *in forma pauperis*;

2. Brandon, #18008211, shall pay the full filing fee of $350.00 in installments, pursuant to 28 U.S.C. § 1915(b). Based on the financial information provided by Brandon, he is not assessed an initial partial filing fee. In each month when the amount in Brandon's inmate trust fund account exceeds $10.00, the warden or other appropriate official at the George W. Hill Correctional Facility or at any other prison at which Brandon may be incarcerated shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Brandon's inmate trust fund account until the fees are paid. Each payment shall reference the docket number for this case, Civil Action No. 18-5643;

3. The complaint (Doc. No. 2) is **DEEMED** filed;

4. The complaint (Doc. No. 2) is **DISMISSED** as follows: (a) Brandon's claims against the Delaware County Adult Probation and Parole Department ("DCAPPD"), as well as his claim that Carissa Tillitson ("Tillitson") provided false testimony in court, are **DISMISSED WITH PREJUDICE**; (b) Brandon's claims challenging completed probation revocation proceedings, which are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), are **DISMISSED WITHOUT PREJUDICE** to his right to pursue them in a new lawsuit only if he is successful in challenging those proceedings in state court or federal habeas proceedings; and (c) to the extent that Brandon is asserting any claims against Tillitson and her supervisor are not barred by either witness immunity or *Heck*, the claims are **DISMISSED WITHOUT PREJUDICE** to his right to file an amended complaint, as set forth below;

5. Brandon has leave to file an amended complaint regarding any claims that he may wish to pursue against Tillitson and her supervisor, to the extent absolute witness immunity or *Heck* do not bar the claims. Any amended complaint must name all the defendants in the caption and must clearly explain how the defendants were involved in violating Brandon's rights. Any amended complaint shall not pursue claims against the DCAPPD, or claims that *Heck* or absolute witness immunity barred. Upon the filing of an amended complaint, the Clerk of Court shall not make service until so ordered by the court;

6. The Clerk of Court is **DIRECTED** to send Brandon a copy of this court's form complaint to be used by a prisoner filing a civil rights action under 42 U.S.C. § 1983. The Clerk of Court shall write the civil action number of this case on the form; and

7. If Brandon fails to file an amended complaint, the court may dismiss his case without prejudice for failure to prosecute without further notice.

BY THE COURT:


*/s/ Edward G. Smith*
EDWARD G. SMITH, J.